(PAGE 1)
10-30-06

IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA

Francis Tejani Kundra
#A2066/647
PETITIONER/PLAINTIFF

V.

THE WARDEN
L.C.S. CORRECTIONS
SERVICES INC.
PERRY COUNTY CORRECTIONAL CENTER.
SHARON HUDSON
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
ET ___ AL ___
DEFENDANTS/RESPONDENTS

CASE NUMBER
2:06-CV-1001-MHT

PLAINTIFF'S ORIGINAL PETITION OF SUIT OF DEFICIENCY OF ADMINISTRATIVE POLICY WHICH DEPRIVED ME OF MEDICAL TREATMENT, MEDICATION AND PROTECTION FROM INFECTIOUS DISEASES, WHICH CREATED DANGEROUS CONDITIONS.

COMES NOW, FRANCIS TEJANI KUNDRA (KUNDRA) (HEREINAFTER REFERRED TO AS PLAINTIFF) RESPECTFULLY FILE THIS PETITION COMPLAINING OF LOUISIANA CORRECTIONAL SERVIS (L.C.C.) INC, PERRY COUNTY CORRECTIONAL CENTER AND THE WARDEN

(PLEASE TURN OVER)

AND THE WARDEN WAS ACTING IN HIS SCOPE OF EMPLOYMENT WITH DEFENDANT L.C.C. AT PERRY COUNTY CORRECTIONAL CENTER. PLAINTIFF FILES THIS SUIT AGAINST DEFENDANT L.C.C. FACILITY RUN AND OPERATED BY (L.C.C.) AND SHARON HUDSON OF WHO'S AUTHORITY I WAS PLACED IN THIS FACILITY FOR CAUSE OF ACTION WILL SHOW THE COURT AS FOLLOWS

## I
## PARTIES

PLAINTIFF FRANCIS TEJANI KUNDRA (KUNDRA) AN INDIVIDUAL CURRENTLY DETAINED AT THE CORRECTIONS CORPORATION OF AMERICA (C.C.A) (HOUSTON PROCESSING CENTER) FACILITY AT 15850 EXPORT PLAZA DR. HOUSTON TX. 77032, HARRIS COUNTY TX. FOR IMMIGRATION VIOLATION.

DEFENDANT L.C.S. CORRECTIONS SERVICES INC. IS THE OWNER AND OPERATOR OF THE DETENTION FACILITY NAMED PERRY COUNTY CORRECTIONAL CENTER WHERE PLAINTIFF WAS PLACED AND HOUSED WHEN THESE VIOLATIONS OCCURED.

THE DEFENDANT CAN BE SERVED BY SERVING.
(PLEASE TURN OVER)

PAGE 3

ITS REGISTERED AGENT:-
THE WARDEN
L.C.S. CORRECTIONS SERVICES INC.
PERRY COUNTY CORRECTIONAL CENTER.
ROUTE 2 BOX 176
HWY 80 WEST
UNIONTOWN ALABAMA 36786
TEL-(334) 628-8324

DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT OF WHO'S AUTHORITY I WAS PLACED IN THIS FACILITY. CAN BE SERVED THROUGH:-
SHARON HUDSON
DISTRICT DIRECTOR
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
HOUSTON DISTRICT OFFICE
126 NORTH POINT DR.
HOUSTON TX. 77060

## II
## JURISDICTION

BIVENS CLAIM:-
A BIVEN CLAIM IS AN IMPLIED ACTION AGAINST INDIVIDUAL FEDERAL OFFICIALS FOR VIOLATING THE PLAINTIFF'S CONSTITIONAL RIGHTS. BIVEN V. SIX UNKNOWN NAMED FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971).

(PLEASE TURN OVER)

(PAGE 4)

BIVENS:- CLAIMS MAY BE BROUGHT TO REDRESS FOURTH, FIFTH AND EIGHTH AMENDMENT VIOLATIONS. BIVENS:- IS AVAILABLE IF CONGRESS HAS NOT PROVIDED AN ALTERNATE LEGAL REMEDY AND IF NO SPECIAL FACTORS EXIST THAT WOULD COUNSEL AGAINST IMPLYING A REMEDY. PLAINTIFF CAN SEEK PUNITIVE DAMAGES AND CAN REQUEST A TRIAL BY JURY, NEITHER OF WHICH IS AVAILABLE IN AN FTCA CASE. A PLAINTIFF CAN FILE BOTH AN FTCA AND A BIVENS CLAIM IN THE SAME LAWSUIT. HOWEVER, THE PLAINTIFF CANNOT RECOVER A MONETARY JUDGEMENT AGAINST THE UNITED STATES AND THE INDIVIDUAL OFFICIAL. THUS, A PLAINTIFF WHO SUCCEEDS ON BOTH MUST ELECT BETWEEN THE TWO REMEDIES BEFORE THE ENTRY OF JUDGEMENT.

THE FTCA PROVIDES FOR A SPECIFIC WAIVER OF SOVEREIGN IMMUNITY FOR PERSONAL INJURY CAUSED BY THE NEGLIGENCE OR WRONGFUL ACT OF ANY EMPLOYEE OF THE GOVERNMENT WHILE WITHIN THE SCOPE OF HIS OFFICE OR EMPLOYMENT. THE GOVERNMENT MAY BE

(PLEASE TURN OVER)

LIABLE FOR FAILING TO PREVENT THE INTENTIONAL TORT OF A NON-EMPLOYEE UNDER ITS SUPERVISION. U.S. V. SHEARER 473 U.S. V. SHEARER 473 U.S. 52, 56 (1985).

THE UNITED STATES IS NOT LIABLE FOR THE NEGLIGENCE OF AN INDEPENDENT CONTRACTOR OPERATING A DETENTION FACILITY, BUT MAY LIABLE FOR THE NEGLIGENT PLACEMENT OF AN INMATE AT THE CONTRACT FACILITY. LOGUE V. U.S. 412 U.S. 521, 530-33 (1973) IN A BIVENS ACTION, THERE IS NO REQUIREMENT TO FIRST FILE AN ADMINISTRATIVE COMPLAINT.

## FOCUS

AM SUEING DEFENDANTS THE WARDEN AND L.C.S CORRECTIONS SERVICE INC. IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES UNDER BIVENS BECAUSE THEY ARE PRIVATE INDIVIDUAL AND NOT FEDERAL EMPLOYEES. SEE MALESKO, 53 U.S. AT 65.

## III

WHENEVER IT IS ALLEGED IN THIS PETITION THAT DEFENDANT L.C.PE. CORRECTIONAL SERVICES INC. DID OR FAILED TO DO (PLEASE TURN OVER)

(PAGE 6)

ANY ACT OR THING, IT IS MEANT THAT SUCH COMMISSION OR OMISSION WAS PERFORMED OR OMITTED BY AN AGENT, SERVANT OR EMPLOYEE OF SAID CORPORATION, AND THAT IN EACH INSTANCE THE SAID AGENT, SERVANT OR EMPLOYEE WAS THAN ACTING FOR AND ON BEHALF OF SAID CORPORATION AND WITHIN THE SCOPE OF HIS OR HER EMPLOYMENT OR WITHIN THE AUTHORITY DELEGATE TO HIM OR HER BY SAID CORPORATION

## IV
### BACKGROUND FACTS

ON 08-05-06 I WAS AWAKENED UP FROM MY SLEEP AND TAKEN TO THE I.N.S. HOLD OVER CELL — I WAS VERY SURPRISED BECAUSE IT WAS ON A SARTURDAY, AND SO IT WAS RIGHT THERE WHEN MY NAME WAS CALLED OUT, I WAS ASKED TO SIGNE THIS NOTICE OF TRANFER WHICH I REFUSED TO SIGHN BECAUSE I DINT AGREE WITH IT.

THAN COME THAT NIGHT ON THE 9TH OF AUGUST 2006 I WAS TAKEN WITH ABOUT 45 OTHER PRISONERS AND PROCESSED OUT FROM THIS C.C.A HOUSTON PROCESSING CENTER TO BE MOVED TO PERRY COUNTY CORRECTIONAL CENTER — ROUTE 2 BOX 176

(PLEASE TURN OVER)

(PAGE 8)

UNION TOWN, ALABAMA 36786

On August 10th 2006 at approximately 4:00 A.M., the bus left carrying us on that long trip — we arrived at Perry County Jail in Union Town Alabama that evening on the same day.

And so we were processed in — before we left Houston the bus driver told us to put all our medications in a basket which he handed over to the staff in Alabama.

We were given uniforms and some of our legal papers that we happen to have carried with us. — We filled out some paper work but never did we actually get interviewed by a medical staff or examined by a medical doctor — there was no screening of T.B. such as skin test or X-rays or any of the contagious deseases.

In this facility — there was a very strict policy of rules that there was no medication under any circumstances to be taken in the dorms even under the doctor order of K.O.P. which means that a prisoner

(Please Turn Over)

(page 9)

can have a bandge of his prescribed medication to be taken as intructed because some were too fraile or weak to be in line or wait for nurse's to give their medications — No, they refused to recognize this! This created real problems every body on medications!! And many went without getting their prescribed medications for days becouse of over crowded lines! It was rediculars.

To my "surprise" I thought may be becouse we come from the Houston camp where were under the care of the U.S. Public Health Services that why we dint get an initial medical examination but all inmates there dint get any initial medical screening as required and there was a lot of prisoners not only I.N.S. detainees but also regular prisoners under criminal sentences and many straight from the streets, we were all locked up together!! In the same dorms — This is a serious violation!!

Now there was one

(please turn over)

(PAGE 10)

prisoner who was so sick he was coughing out blood!! and another one also.

One was taken into the clinic sick area for a couple of days and got back in the population.

One morning I was shocked to see the Major and a nurse with mizels covered their mouth's and noses and trieng to give T.B. skin tests!! This was too late because this was supposed to be done at the very beginning — no, those sick prisoners were with us and we were exposed to live T.B.!!

We had no where to run and nobody wanted to hear our complaint because I did protest and complaint, the guards yelled at me that "we'll put you in segregation!!" So I backed off!!

Two prisoners died!! There because of the poor medication and treatment policy — I put in six calls on medical request to see a doctor — I never seen or ive been examined by a medical doctor!! One prisoner

(please turn over)

(PAGE 1)

DIED AFTER COMPLAINING OF PAIN AND NO BODY GIVE HIM ANY ATTENTION AND ANOTHER DIED OF COMPLAINING OF BELLY PAIN VOMITTING AND PAIN.

NO BODY TRIED TO HELP TO PROTECT US — THERE WAS DELIBERATE INDIFFERANCE. THE QUESTION WE MUST ASK IS "DID THIS INSTITUTION FAIL TO DO SOMETHING THAT IS REQUIRED BY LAW?"

V.

CAUSE OF ACTION NO. 1
VICARIOUS LIABILITY AS TO DEFENDANT L.C.C.

PLAINTIFF CHARGE AND ALLEGES THAT DEFENDANT L.C.C IS VICARIOUSLY LIABLE FOR PLAINTIFFS DAMAGE AS A RESULT OF THE BUSINESS RELATIONSHIP THAT EXISTED AT ALL TIMES MATERIAL TO THE PENDING LITIGATION BETWEEN L.C.C. AND DEFENDANTS WARDEN AND EMPLOYEES WHOSE NEGLIGENCE OR OMISSION CAUSED OR PROXIMATELY CAUSED THE INJURIES TO THE PLAINTIFF PLAINTIFF ASSERTS THE DOCTRINE OF RESPONDENT SUPERIOR AGAINST DEFENDANT L.C.C. AND RATIFICATION

(PLEASE TURN OVER)

OF THE CONDUCT OF DEFENDANTS AGENTS WHO WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT WITH DEFENDANT L.C.C.

## VI
### CAUSE OF ACTION NO. 2
### NEGLIGENCE OF DEFENDANT WARDEN

PLAINTIFF CHARGES THAT INJURIES AND RESULTING DAMAGES TO PLAINTIFF WERE PROXIMATELY CAUSED BY THE NEGLIGENT ACTIVITY OF DEFENDANT WARDEN AND DEFENDANTS AGENTS RATHER THAN A CONDITION CREATED DUE OVERSIGHT TO DO A PROCEDURE THAT IS REQUIRED BY LAW

PLAINTIFF ASSERT THAT DEFENDANT WARDEN HAD A DUTY TO PROTECT PLAINTIFF FROM THE HARM POSED — HE IMPLIMENTED A VERY DEFICIENT POLICY

PLAINTIFF WILL SHOW THAT HIS INJURIES AND DAMAGES WERE PROXIMATELY CAUSED BY THE FOLLOWING ACTS OR OMISSIONS OF NEGLIGENCE ON THE PART OF DEFENDANT WARDEN

a) CREATING AN UNREASONABLY DANGEROUS CONDITION AND ALLOWING IT TO PERSIST WITHOUT TIMELY CORRECTION

B) ALLOWING AN UNREASONABLY

(PLEASE TURN OVER)

(PAGE 13)

dangerous condition to persist when he knew or had reason to know that such conditions will cause harm

* C) WHY DID THEY HAVE A MEDICAL STAFF IN PLACE?

D) Failure to do what a reasonable prudent warden would have done in same or similar circumstances and

E) Ignoring plaintiff complaints.

Each of the foregoing acts or omissions, singularly or in combination with others constituted negligence which proximately caused the occurrences made the basis of this litigation and plaintiff resultant injuries.

## VII

By reason of the incident and exposure to live T.B. plaintiff's subsequent personal and consequential damages, plaintiff is entitled to damages in the amount ($5,000,000.00) five million dollars. Or as to be determined by a jury.

I was in this institution of Pearl County Correctional

(please turn over)

PAGE 14

Center for the period from August 10th 06 - to September 2nd 06 and so that is the period of exposure — until the time of trial of this cause, those element of damages for the purpose of determining the sum of money that will fairly and reasonably compensate the plaintiff are:

A) The physical pain that plaintiff has suffered
B) The mental anguish that plaintiff has suffered
C) The amount of reasonable medical expenses necessarily incurred in the treatment of plaintiff injuries
D) The loss of the enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, premises considered, plaintiff request that citations be issued and served upon defendants to appear and answer, that upon final trail, plaintiff has judgment as follows:
1) Judgment against the defendants for compensatory damages.

(PLEASE TURN OVER)

(PAGE 15)

2.) AN AWARD OF PRE-JUDGMENT INTREST

3.) AN AWARD OF POST-JUDGMENT INTREST FROM THE DATE OF TRIAL

4.) ALL COSTS OF COURT

AND

5.) ALL OTHER RELIEF PLAINTIFF MAX SHEW HIMSELF JUSTLY ENTITLED

RESPECTFULLY SUBMITTED

10-30-06

FRANCIS TAJOONI KENDRA
#A20661647
IMMIGRATION DETENTION CENTER
15850 GXPORT PLAZA DR
HOUSTON TX. 77032

EXHIBIT A.

(page 1)

10-07-06

FRANCIS TEJANI KUNDRA
#A20661647
C.C.A.
HOUSTON PROCESSING CENTER
15850 EXPORT PLAZA DR.
HOUSTON TX 77032

THE WARDEN
L.C.S. CORRECTIONS SERVICES, INC.
PERRY COUNTY CORRECTIONAL CENTER
ROUTE 2 BOX 176
HWY 80 WEST
UNIONTOWN ALABAMA 36786

GREETINGS

### NOTICE OF DEFICIENCY OF ADMINISTRATIVE POLICY WHICH DEPRIVED US OF MEDICAL TREATMENT, MEDICATION AND PROTECTION FROM INFECTIOUS DISEASES:

COMES NOW, FRANCIS TEJANI KUNDRA (KUNDRA) RESPECTFULLY FILES AND SERVE THIS NOTICE OF DEFICIENCY AND INTENT TO BRING LEGAL ACTION AGAINST THIS INSTITUTION AND SHARON HUDSON, DISTRICT DIRECTOR U.S. CITIZENSHIP AND IMMIGRATION SERVICES UNDER WHOSE AUTHORITY I WERE TRANSFERED OVER THERE.

THIS NOTICE WILL SERVE

(PLEASE TURN OVER)

(PAGE 2)

THE REQUIREMENT BY LAW AND ITS VERY IMPORTANT FOR BOTH PARTIES TO RESPOND AND REPLY TO THE FOLLOWING ALLEGATIONS:

LET ME FIRST NOTE THIS: "THE UNITED STATES IS NOT LIABLE FOR THE NEGLIGENCE OF AN INDEPENDENT CONTRACTOR OPERATING A DETENTION FACILITY, BUT MAY BE LIABLE FOR THE NEGLIGENT PLACEMENT OF AN INMATE AT THE CONTRACT FACILITY - LOGUE V. U.S., 412 U.S. 521, 530-33 (1973)."

IT WAS AFTER BEING NOTIFIED THAT ON AUGUST 10TH 2006, WE WERE PUT ON THE ICE BUS ABOUT 50 DETAINEES WE WERE CARRIED ON THAT LONG TRIP, WE ARRIVED AT PERRY COUNTY CORRECTIONAL CENTER THAT EVENING ON THE SAME DAY. AT ARRIVAL I.N.S. CAPTAIN MASON SCARED THE HELL OUT OF US BY YELLING AT US "NO QUESTIONS"

WE WERE BROUGHT BACK TO HOUSTON ON SEPTEMBER 2ND 2006 THESE ALLEGATIONS HAPPENED DURING OUR STAY THERE ——

I WAS VERY IMPRESSED WITH THIS BRAND NEW FACILITY — IT WAS NICE AND CLEAN UPON BEING ADMITTED AND

(PLEASE TURN OVER)

(PAGE 3)

PROCESSED IN, UNIFORMS ISSUED ETC. THEN TAKEN TO THE LUNCH ROOM WHICH I REALLY NICE AND THE FOOD WAS GOOD AND CLEAN BUT THE PORTIONS WERE LITTLE!!

I WAS VERY SURPRISED THAT THEY WERE OR RATHER TO PUT IT EXACTLY — THERE WAS NO MEDICAL SCREENING AT ALL!! OUR MEDICATIONS WERE TAKEN AS WE HAD THEM ALL PUT IN ONE BAG ON THE BUS GIVEN TO THE FACILITY CLINIC. IT WAS SUCH A HECTIC TO GET ANY MEDICATION BECAUSE OF THE LONG LINES AT EVERY MEDICATION CALL!! THE STRICT RULES WERE NO K.O.P. ALLOWED!! THAT IS NO MEDICATION UNDER ANY CIRCUMSTANCES TO BE TAKEN IN THE DORMS — THIS CREATED REAL PROBLEMS FOR EVERYBODY AND MANY WENT WITHOUT GETTING THEIR PRESCRIBED MEDICATIONS. IT WAS RIDICULOUS!!

TO MY SURPRISE, I THOUGHT MAY BE BECAUSE WE COME FROM THE HOUSTON CAMP WHERE WE WERE UNDER THE U.S. PUBLIC HEALTH SERVICES BUT ALL THE INMATES THERE DIDN'T GET ANY INITIAL MEDICAL SCREENING AS REQUIRED!! AND THERE WAS

(PLEASE TURN OVER)

(PAGE 4)

A LOT OF PRISONERS NOT ONLY I.N.S DETAINEES BUT ALSO REGULAR PRISONERS UNDER CRIMINAL SENTENCES AND MANY STRAIT FROM THE STREETS — WE WERE ALL LOCKED UP TOGETHER!! THIS IS A SERIOUS VIOLETION..

NOW, THERE WAS ONE PRISONER WHO WAS SO SICK, HE WAS COUGHING OUT BLOOD!! AND ANOTHER ONE ALSO. ONE WAS TAKEN INTO THE CLINIC SICK AREA FOR A COUPLE OF DAYS AND LET BACK IN THE POPULATION!!

ONE MORNING I WAS SHOCKED TO SEE THE MAJOR AND A NURSE WITH MIZTS COVERED THEIR MOUTH AND NOSES AND TRYING TO GIVE T.B. TESTS ON SKIN. THIS WAS TOO LATE BECAUSE THIS WAS SUPPOSED TO BE DONE AT THE BEGINNING NO THOSE SICK PRISONERS WERE WITH US AND WE WERE EXPOSED TO LIVE T.B.

WE HAD NO WHERE TO RUN AND NO BODY WANTED TO HEAR OUR COMPLAINT BECAUSE I DID PROTEST AND COMPLAINT THE GUARDS YELLED AT ME THAT WE'LL PUT YOU IN SEGREGATION!!

(PLEASE TURN OVER)

(PAGE 5)

SO I BACKED OFF." TWO PRISONERS DIED!!! THOSE BECAUSE OF THE POOR MEDICATION AND TREATMENT POLICY — I PUT IN A SICK CALL ABOUT SIX TIMES TO SEE A DOCTOR — I NEVER SAW A DOCTOR!! ONE PRISONER DIED AFTER COMPLAINING OF GROIN PAIN AND NOBODY GAVE HIM ANY ATTENTION AND ANOTHER DIED OF COMPLAINING OF BELLY PAIN VOMITTING AND TRIED AND NOBODY TRIED TO HELP THIS INSTITUTION FAILED TO PROTECT US — THERE WAS DELIBERATE INDIFFERANCE. THE QUESTION WE MUST ASK IS " DID THIS INSTITUTION FAIL TO DO SOMETHING THAT IS REQUIRED BY LAW?"

I will KEEP THIS INITIAL LETTER SHORT — PLEASE REPLY
RESPECTFULLY SUBMITTED
10-07-06    Francis (Fijian) Kundra
FRANCIS (FIJIAN) KUNDRA
#A20667647

C.C. 1.) SHARON HUDSON
DISTRICT DIRECTOR
U.S. CITIZENSHIP AND
IMMIGRATION SERVICES
HOUSTON DISTRICT OFFICE
126 NORTH POINT DR.
HOUSTON TX 77060



EXHIBIT B



U.S. Immigration and Customs Enforcement

## DETAINEE TRANSFER NOTIFICATION

*This Form To Be Completed And Given To The Detainee*

DETAINEE NAME: Kudva, Francis        A# 20661647

NATIONALITY: Uganda

### TRANSFER INFORMATION

NAME OF NEW FACILITY: Perry County Correction Center

ADDRESS OF NEW FACILITY: Route 2, Box 176
Highway 80 West
Union Town, Alabama 36786

TELEPHONE NUMBER OF NEW FACILITY: (334) 628-8324

I hereby acknowledge that I have received the transfer information. I have also been notified that it is my responsibility to notify family members or others, if I so desire.

Detainee Signature: (Refused to sign)    A# 20661647    Date: 8/5/06

Officer Signature: Glenn R. Arnold, IEA    Date: 8/5/06

Revised September 13, 2004