IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-1001-MHT |
| | ) | [WO] |
| | ) | |
| WARDEN - LOUISIANA CORRECTIONS | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this *Bivens* action,[1] Francis Tejani Kundra ["Kundra"], an immigrant detained in

federal custody at the Immigration Detention Center in Houston, Texas, challenges the

constitutionality of conditions imposed upon him during his incarceration at the Perry

County Correctional Center.  The Perry County Correctional Center is located within the

jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes

that this case should be transferred to the United States District Court for the Southern

District of Alabama pursuant to 28 U.S.C. § 1404.[2]

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] Kundra filed an affidavit in support of a request for leave to proceed *in forma pauperis.*  However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court

## DISCUSSION

A civil action filed by an inmate "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

None of the named defendants reside in the Middle District of Alabama whereas all of the individuals responsible for the alleged constitutional violations which occurred at the Perry County Correctional Center reside in the Southern District of Alabama. Moreover, the actions about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the claims presented by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the

---

makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before November 21, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 8th day of November, 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE